PENNSYLVANIA STEEL CO. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. July 8, 1910.)

RECEIVERS (§ 88*)—CLAIMS—COMPROMISE.
    Where the receiver of a street railway company had claims against a securities company amounting to $8,615,555.24, including interest, but, to recover such sum, it would be necessary for him to prevail on substantially every one of the questions in controversy between himself and the various defendants, involving in one case a doubtful appeal to the Supreme Court of the United States, and the amount of interest on such claim alone was $1,200,000, he would be directed to accept a cash com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

promise offer to pay him $5,500,000, especially where it was approved by substantially all the interests affected.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 162; Dec. Dig. § 88.*]

In Equity. Suit by the Pennsylvania Steel Company against the New York City Railway Company and the Metropolitan Street Railway Company. Petition by receiver of the New York City Railway Company for instructions concerning an offer of compromise of judgment against the Metropolitan Securities Company and suit against the same company and others. Acceptance of compromise directed.

Byrne & Cutcheon, for complainant.
James L. Quackenbush, for defendant.
Dexter, Osborn & Fleming, for receiver of New York City Ry. Co.
J. Parker Kirlin, for Metropolitan St. Ry. Co.
Masten & Nichols, for receivers of Metropolitan St. Ry. Co.

LACOMBE, Circuit Judge. Notice of hearing has been given and representatives of various interests have appeared. The facts are fully set forth in the petition and its several schedules which were filed June 29, 1910. The situation of the judgment and the suit is specifically treated of in the opinion of counsel filed therewith. Irrespective of the other considerations referred to, the cash offer of $5,500,000 is a large one. The total amount of receiver's claims, including interest, is $8,615,555.24, but to recover that sum it would be necessary for him to prevail on substantially every one of the questions in controversy between himself and the various defendants. Defeat on two or three points only might result in producing after some years a smaller sum of money than is now offered. What these controversies are may be seen by reference to the opinion of counsel. In the one case it is apparent that the question raised would have to be taken to the Supreme Court in view of its decision in Old Dominion Copper Co. v. Lewisohn, 210 U. S. 206, 28 Sup. Ct. 634, 52 L. Ed. 1025. Whether that court would take the broad view contended for by the receiver and which is essential to his success no one can foretell. Irrespective of the other serious questions referred to in the papers presented, it is to be remembered that the suit against the Metropolitan Securities Company impleaded with certain directors of the New York City Railway Company is one for a diversion of capital of the last-named company to the treasury of the former. Whether or not under these circumstances interest could be recovered against any one other than the corporation defendant which received the diverted capital is problematical. That corporation is already bankrupt. The item of interest on this claim alone amounts to $1,200,000. In the other suit, called the stockholder's suit, the various defenses are set forth in the opinion of counsel, and it is manifest that there are difficulties in the way of recovery which indicate a protracted litigation with no certainty as to the ultimate result. Moreover, if such litigation were entirely successful in all respects, the result would be a large judgment against another corporation concerned with traction in this city, and as the experience of this receivership has indicated, it sometimes happens that when a particularly large judgment is obtained against such a corporation it turns out to be insolvent.

In view of all these circumstances, it seems wise for the receiver to accept the offer, and he is instructed to do so. Even if the court entertained any doubt as to the wisdom of such a course, the same instructions would be given in view of the substantially unanimous expression of approval by the representatives of the creditors and of all other interests, who have appeared. The receivers and their counsel are to be congratulated on the great success which has attended their untiring efforts to secure something out of the choses in action which the initiation of the receivership placed in their hands.